JUSTICE MCKINNON
delivered the Opinion of the Court.
¶1 Jackie Lee Favel appeals her felony conviction from the Twelfth Judicial District Court, Hill County, for driving under the influence of alcohol (DUI). We affirm.
¶2 Favel raises the following issue on appeal, which we restate as follows:

Did the prosecution improperly comment upon the inference of intoxication contained within § 61-8-404(2), MCA, and assert that Favel was responsible for establishing her innocence, thereby denying Favel her due process right to a fair and impartial trial?

FACTUAL AND PROCEDURAL BACKGROUND
¶3 On September 21,2012, the Havre Police Department received a report of an intoxicated driver traveling from Chinook to Havre in a green Cadillac. Soon thereafter, Sergeant Andrew Poulos observed a vehicle matching this description turn southbound onto 12th Avenue in Havre. Sergeant Poulos began to follow the vehicle. He observed the vehicle drift from the north side of the street to the south side and nearly hit two pedestrians. Sergeant Poulos noted that the vehicle came “within feet” of the pedestrians and that the driver failed to apply the brakes.
¶4 Sergeant Poulos initiated a traffic stop and identified Favel as the driver. He noticed that Favel’s eyes were red and glassy; she was slurring her speech; and a strong odor of alcoholic beverage was coming from her breath. After Favel exited the vehicle, Sergeant Poulos asked her to count from 11 to 23, count down from 33 to 21, and recite the alphabet. Favel failed to complete any of these exercises correctly.
¶5 Next, Favel was asked to complete standardized field sobriety tests (SFSTs), including the walk-and-tum test and the one-leg stand test. On the walk and turn, Favel committed seven out of eight *474 mistakes, including losing her balance, stepping off the line, and taking an incorrect number of steps. On the one-leg stand, Favel committed three out of four mistakes, including swaying, raising her arms, and putting her foot down. Based on his observations, Sergeant Poulos asked Favel to submit to a preliminary breath test. Favel refused.
¶6 Following the SFSTs, Sergeant Poulos placed Favel under arrest and transported her to the Hill County Detention Center. At the Detention Center, Favel was asked to submit to a breath sample for screening using the Intoxilyzer 8000. Favel again refused to submit to a breath test. After Favel’s refusal, Sergeant Poulos applied for and received a search warrant authorizing him to obtain a sample of Favel’s blood. Subsequent testing at the Montana State Crime Lab determined that Favel had a blood alcohol concentration of 0.13 percent.
¶7 The State charged Favel by Information with felony DUI, fourth or subsequent. The State later filed an Amended Information to include an alternative charge of operating a noncommercial vehicle with an alcohol concentration of 0.08 percent or more, also a felony.
¶8 Prior to trial, Favel filed a motion in limine requesting the court exclude evidence of prehminary breath test results and any argument by the prosecution that may shift the burden of proof from the state to the defense. In regard to the second part of her motion, Favel stated:
[A]lthough a failure to give a breath or blood test is admissible, any argument or comment by the State that Ms. Favel could have “proved his [sic] innocence” by giving a breath or blood test would be shifting of the burden to Ms. Favel to show his [sic] lack of criminal culpability.
In its response, the State did not object to the exclusion of the preliminary breath test results as Favel did not submit to a preliminary breath test. Regarding Favel’s burden-shifting argument, the State contended that discussing the inference of intoxication is admissible evidence and does not shift the burden of proof onto the defendant. The State reasoned that § 61-8-404(2), MCA, “states that a refusal creates a rebuttable inference that the Defendant was under the influence” and “[s]uggesting to the jury that the Defendant refused because she was aware the result would be positive is exactly the type of inference a prosecutor may propose, and precisely the situation Mont. Code Ann. § 61-8-404(2) contemplates.”
¶9 On the day of trial, prior to voir dire, the District Court considered and ruled from the bench on several outstanding motions. The court granted Favel’s request to exclude evidence of the preliminary breath test. However, the court did not address the burden-shifting argument *475 raised by Favel in the motion in limine. Instead, the court turned to other motions unrelated to this appeal. Favel did not bring the burden-shifting issue to the attention of the court or seek a ruling from the court.
¶10 At trial, the State called Sergeant Poulos to testify in its case-in-chief concerning the events of September 21, 2012. During direct examination with Sergeant Poulos, the prosecutor asked: “[D]id you give her an opportunity to provide a [breath] sample to clear her of driving under the influence?” Sergeant Poulos replied, “I did.” Favel did not object to the prosecutor’s question or move to strike.
¶11 During argument, the prosecutor discussed Favel’s refusal to submit to a breath test by commenting on the circumstances of Favel’s stop, her performance on the SFSTs, and the results of her blood test. The prosecutor argued:
These are all the signs of impairment that an officer is looking for in a DUI investigation. He saw them all. At this point, he turned to an instrument, a portable Breathalyzer test to determine the alcohol in her system. It is an instrument that could prove how much alcohol is in her system, could exonerate her, could prove her innocence.
The prosecutor then argued from the perspective of Sergeant Poulos:
He went to the next part of the investigation which was taking her to the Hill County Detention Center.... He said, I’m going to have you retake these tests. I will give you another opportunity to prove to me you’re not impaired. She refused. He said, well, all right, I’m going to read to you the Montana Implied Consent law. It’s basically another iteration of you have the right to provide a breath — basically, you have given consent to provide a breath sample. At the same time, the Montana Implied Consent says you have the right to get your own independent blood draw. You can double-check our work. She refused again an instrument which could prove her innocence and she refused.
Lastly, the prosecutor addressed the inference of intoxication in rebuttal, stating:
The next inference is that if a person refuses, you can infer that they are impaired, of course, obviously. Defense said the reason... she refused was because she is fiercely protective of herself. She’s fiercely protective of a blood sample that can prove her innocence? It’s completely illogical, makes no sense.
Favel did not object to any of the prosecutor’s statements during closing or rebuttal.
¶12 After a two-day trial, a Hill County juiy found Favel guilty of *476 felony DUI. The District Court sentenced Favel to the Montana Department of Corrections for a term of 13 months, followed by a suspended term of 3 years.
STANDARD OF REVIEW
¶13 Generally, this Court does not address issues raised for the first time on appeal. However, when a defendant’s fundamental rights are invoked, we may choose to invoke the common law plain error doctrine where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. State v. Taylor, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79. Plain error review is discretionary, and we apply it on a case-by-case basis. State v. Reim, 2014 MT 108, ¶ 29, 374 Mont. 487, 323 P.3d 880.
DISCUSSION
¶14 Did the prosecution improperly comment upon the inference of intoxication contained within § 61-8-404(2), MCA, and assert that Favel was responsible for establishing her innocence, thereby denying Favel her due process right to a fair and impartial trial?
¶15 Favel argues that the prosecutor’s comments suggesting that she could have proven her innocence by providing a breath test to law enforcement were impermissible and constitute prosecutorial misconduct. She contends that the comments diluted her presumption of innocence and effectively shifted the burden of proof to her, reasoning that the comments go beyond discussing the rebuttable inference of a refusal contained within § 61-8-404(2), MCA.
¶16 In response, the State does not dispute that the prosecutor’s comments were improper, but argues instead that Favel failed to preserve the issue for appeal because she did not contemporaneously object to the prosecutor’s statements. The State asserts that, while a motion in limine may preserve an issue on appeal in some instances, Favel’s motion in fimine did not do so because the District Court did not definitively rule on her motion. Consequently, the State argues that Favel needed to object to the prosecutor’s improper comments during trial in order to preserve her claims of prosecutorial misconduct.
¶17 Generally, “[a] defendant must make a timely objection to properly preserve an issue for appeal.” State v. Paoni, 2006 MT 26, ¶ 35, 331 Mont. 86, 128 P.3d 1040; see also § 46-20-104(2), MCA. However, we *477 have carved out an exception to the general rule under which a motion in limine may “preserve an issue for appeal in some instances even though a contemporaneous objection to an alleged error is not made at trial.” State v. Ankeny, 2010 MT 224, ¶ 35, 358 Mont. 32, 243 P.3d 391. Although not provided for by statute or the Montana Rules of Evidence, “[ajuthority for the granting of a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties.” Wallin v. Kinyon Estate, 164 Mont. 160, 164-65, 519 P.2d 1236, 1238 (1974).
¶18 Favel maintains that her motion in limine adequately preserved the issue for appeal. She argues that, contrary to the State’s assertions, “this Court’s preservation analysis has focused on whether the trial court was ‘given an opportunity to consider’ the issue,” rather than whether the trial court issued a final ruling.
¶19 We agree with the State that Favel needed to object at trial to preserve her claims of prosecutorial misconduct. As a general proposition, Favel is correct in regard to the focus of this Court’s analysis in previous cases involving motions in limine; however, in each of our prior cases in which we have permitted a motion in limine to preserve an issue on appeal, the district court provided a definitive ruling. See, e.g., Anderson v. BNSF Ry., 2015 MT 240, 380 Mont. 319, 354 P.3d 1248; State v. Crider, 2014 MT 139, 375 Mont. 187, 328 P.3d 612; Peterson-Tuell v. First Student Transp., LLC, 2014 MT 307, 377 Mont. 113, 339 P.3d 16; State v. Vukasin, 2003 MT 230, 317 Mont. 204, 75 P.3d 1284. In Vukasin, we considered our previous cases wherein we had concluded that an issue had been properly preserved by a party’s pre-trial motion. Vukasin, ¶ 34. After reviewing and analyzing these cases, we concluded that in “each of these cases, the pre-trial motion in limine was denied by the district court.” Vukasin, ¶ 34. We explained that “the district court was directly faced with the question and ruled against the defendant, thereby preserving for appeal any evidentiary issue that was specifically addressed in the motion.” Vukasin, ¶ 34. Thus, we have never allowed a party to preserve an issue based on a motion in limine without the party having obtained a definitive ruling from the district court on the issue.
¶20 Such an approach is consistent with other state courts which permit a motion in limine to preserve issues. See, e.g., Milliken v. Dartmouth-Hitchcock Clinic, 154 N.H. 662, 666, 914 A.2d 1226, 1230 (2006) (“[a] motion in limine is sufficient to preserve an issue for appeal without an objection at trial if the trial court definitively rules on the *478 issue prior to trial”) (emphasis added); Richmond v. State, 118 Nev. 924, 59 P.3d 1249 (2002); Kobashigawa v. Silva, 129 Haw. 313, 300 P.3d 579 (2013). Similarly, the federal courts require a party to renew an objection at trial unless the trial court provides a definitive ruling on the motion. See Fed. R. Evid. 103(a) (“Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.”). (Emphasis added.)
¶21 Moreover, a district court may justifiably wish to delay ruling on admissibility of evidence until after the trial has begun. Motions in limine are frequently made in anticipation of hypothetical circumstances that may not develop at trial and often times on a record that is incomplete or only partially developed. See State v. Daniels, 2011 MT 278, 362 Mont. 426, 265 P.3d 623. Consequently, a trial court will often be in a better position to rule on evidentiary issues in light of specific facts and circumstances that arise during trial. See, e.g., State v. Franks, 2014 MT 273, ¶ 21, 376 Mont. 431, 335 P.3d 725 (“Based on the information and arguments presented to the District Court at the motion in limine stage, and given the overwhelmingly prejudicial nature of child molestation evidence, the wiser course would have been to withhold ruling on its admissibility.”). Therefore, we conclude that in order for a motion in limine to sufficiently preserve an issue on appeal without an objection at trial, a party must obtain a definitive ruling on the issue from the district court.
¶22 Applying this approach, we conclude Favel has not preserved the present issue for appeal. Here, the District Court did not provide a definitive ruling on Favel’s motion in limine regarding whether the prosecutor could comment that Favel “could have proven her innocence” and, as Favel contends, shift the burden of proof. While the court ruled on the motion in hmine to the extent it excluded evidence of the preliminary breath test, the court did not rule on the propriety of any potential questions and argument from the prosecutor. Favel failed to object during the prosecutor’s direct-examination and during closing arguments and, as a result, the prosecutor continued to repeat her questions and argument throughout the proceedings. We will not place “a district court in error for an action in which the appealing party acquiesced or actively participated.” Reim, ¶ 28. Favel failed to do “what [s]he could to raise the issue in the district court.” Vukasin, ¶ 30. We hold that Favel did not properly preserve her allegations of prosecutorial misconduct for appeal.
¶23 That, however, does not end our inquiry. Favel argues in the *479 alternative that the prosecutor’s comments are reviewable by this Court under the plain error doctrine. We review an unpreserved claim, under the common law plain error doctrine, at our discretion. Crider, ¶ 30. We invoke the plain error doctrine sparingly, on a case-by-case basis. Daniels, ¶ 32. Before this Court will find plain error, the appealing party must: “(1) show that the claimed error implicates a fundamental right and (2) ‘firmly convince’ this Court that failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process.” Daniels, ¶ 32. In making this inquiry, “we consider the totality of circumstances of each case.” State v. Lindberg, 2008 MT 389, ¶ 34, 347 Mont. 76, 196 P.3d 1252.
¶24 Section 61-8-404(2), MCA, provides that the “trier of fact may infer from [a defendant’s] refusal [to submit to a breath test] that the person was under the influence.” We have on several previous occasions sustained the constitutionality of § 61-8-404(2), MCA, in the face of due process challenges that the statute improperly shifted the burden of proof to the defendant. City of Great Falls v. Morris, 2006 MT 93, 332 Mont. 85, 134 P.3d 692; State v. Michaud, 2008 MT 88, 342 Mont. 244, 180 P.3d 636; State v. Anderson, 2008 MT 116, 342 Mont. 485, 182 P.3d 80. We have further permitted the prosecution to comment upon the inference of intoxication provided for by the statute. State v. Slade, 2008 MT 341, ¶ 29, 346 Mont. 271, 194 P.3d 677 (“Because the rebuttable presumption is constitutional and did not shift the burden of proof to Slade, it was not improper for the prosecutor to comment upon it.”). We have also concluded that evidence of a defendant’s refusal to take a sobriety test is probative evidence under the statute and may be used by the State to argue the defendant’s consciousness of guilt. Michaud, ¶ 55 (concluding that the defendant’s refusal to submit to a breath test was admissible because “there is a rational connection between driving while intoxicated and refusing to take a sobriety test.”).
¶25 In this instance, however, we agree with Favel that the prosecutor’s comments were improper. “A fundamental principle of our criminal justice system is that the State prove every element of a charged offense beyond a reasonable doubt,” Daniels, ¶ 33. The United States Supreme Court has explicitly held that “the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 363-64, 90 S. Ct. *480 1068, 1072-73 (1970). A court “must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt.” Estelle v. Williams, 425 U.S. 501, 503, 96 S. Ct. 1691, 1693 (1976). A court must do so “based on reason, principle, and common human experience.” Estelle, 425 U.S. at 503, 96 S. Ct. at 1693.
¶26 While we have made clear, as explained above, that the prosecution can introduce evidence of a defendant’s refusal to take a breath test to argue the defendant’s consciousness of guilt, the comments complained of in this case — that Favel could have “proven her innocence” by submitting to a breath test — have the potential to blur the distinction between a defendant’s state of mind and the State’s burden of proof. It is true, of course, that the prosecutor’s comments and the inference contained within § 61-8-404(2), MCA, share a common thread. Underlyingbothis an assumption that the person who believes that he or she is not intoxicated would likely be willing to provide a breath test to demonstrate, show, or otherwise prove that he or she is, in fact, not intoxicated. Nonetheless, we cannot countenance a prosecutor’s use of burden of proof language to explain a defendant’s mental state. The risk is simply too great that the State’s burden of proof in the mind of a juror will be diminished by the repeated use of burden of proof language — such as demonstrate, show, and prove — in reference to what the defendant could have done. Thus, we conclude the prosecutor’s remarks, indicating that if Favel were innocent she would have proven her innocence by submitting to a breath test, were improper.
¶27 That said, based on the record in this case, we conclude the prosecutor’s comments do not rise to a level sufficient to find plain error. We are mindful that under plain error review, unlike harmless error review, the appealing party carries the burden of proof. State v. Hart, 2000 MT 332, ¶ 52, 303 Mont. 71, 15 P.3d 917. “The instances in which we have exercised our common law power of plain error review are rare.” Hart, ¶ 51. We have similarly refused on numerous instances to conduct plain error review of a prosecutor’s comments, “even in cases where we have concluded that the comments were improper.” State v. Aker, 2013 MT 253, ¶ 29, 371 Mont. 491, 310 P.3d 506.
¶28 We are not convinced this is an appropriate case in which to invoke the plain error doctrine to reverse a conviction. First, the court properly instructed the jury on the State’s burden of proof regarding each element of driving while under the influence and on the presumption of Favel’s innocence. We have explained that “American jurisprudence depends on a jury’s ability to follow instructions and *481 juries are presumed to follow the law that courts provide.” State v. Sanchez, 2008 MT 27, ¶ 57, 341 Mont. 240, 177 P.3d 444. Prior to opening statements, the District Court instmcted the jury on the burden of proof as follows:
The State of Montana has the burden of proof of proving the guilt of the Defendant beyond a reasonable doubt.... The defendant is not required to prove her innocence or present any evidence.
The court again instmcted the jury prior to deliberations:
The defendant is presumed to be innocent of the charge against her. This presumption remains with her throughout every stage of the trial and during your deliberations on the verdict. It is not overcome unless from all evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.
By her plea of not guilty, the defendant denies all allegations of the charge against her. The defendant is not required to prove her innocent or present evidence.
The State of Montana has the burden of proving the guilt of the defendant beyond a reasonable doubt.
Second, the prosecutor continually reminded the jury throughout the proceedings that the State carried the burden of proof. The prosecutor reiterated during voir dire, opening, and closing: “it’s the State’s job to prove a person guilty beyond a reasonable doubt” and “the Defendant doesn’t have to prove anything.” Lastly, the prosecutor relied on evidence other than Favel’s refusal to prove her case. The jury heard Sergeant Poulos’s testimony in which he described observing indicators of alcohol impairment; the jury heard Sergeant Poulos testify that Favel nearly hit two pedestrians with her vehicle; and the jury watched Sergeant Poulos’s on-board video corroborating his testimony. Finally, the State introduced evidence from the Montana State Crime Lab showing that Favel’s blood alcohol content was 0.13 grams per 100 milliliters of whole blood.
¶29 Having reviewed the jury instmctions, the trial transcripts, and the evidence presented against Favel, we cannot say that the failure to review Favel’s claims will result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of Favel’s trial, or comprise the integrity of the judicial process. We decline to reverse on Favel’s claims of prosecutorial misconduct under the plain error doctrine.
¶30 Affirmed.
JUSTICES BAKER, COTTER, WHEAT and RICE concur.