FILED

January 19 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0204

DA 15-0204

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 15N

IN THE MATTER OF:

J.F.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DI 15-017
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Kathryn McEnery, McEnery Law Offices, P.C., Hot Springs, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

      Scott Twito, Yellowstone County Attorney, Kevin Gillen, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  December 16, 2015
Decided:  January 19, 2016

Filed:

                            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.F. appeals an order entered by the Thirteenth Judicial District Court, Yellowstone County, involuntarily committing him to Montana State Hospital (MSH) for a period not to exceed three months. We affirm.

¶3 On February 22, 2015, eighteen-year-old J.F. was admitted to the Billings Clinic Psychiatric Center (Billings Clinic) by the police for disruptive behavior reported by his family after they witnessed him repetitively striking his head against a steering wheel. J.F. had also recently gotten into a physical altercation with his father and damaged property at his sister's house. J.F. was no longer welcome at either his parents' or sister's home because they were fearful of his behavior. J.F. had been a patient of the Billings Clinic until he reached age eighteen, when he began refusing treatment because he thought he did not need it. After being admitted to the Billings Clinic, J.F. refused medication, acted sexually inappropriate by removing his clothing and propositioning staff, responded to nonexistent voices, and attempted to leave.

¶4 On February 27, 2015, psychiatrist Dr. Amy Schuett (Dr. Schuett), acting as the court appointed professional person, evaluated J.F. and reported her opinion to the District Court. In her report, Dr. Schuett stated J.F. suffers from the mental disorder of

2

schizophrenia and that J.F. is paranoid, has auditory hallucinations, and is disorganized in his thought, behavior, and speech. Further, Dr. Schuett commented that J.F. is a threat to himself, refuses treatment, and denies the existence of his symptoms. Dr. Schuett recommended commitment to MSH as the least restrictive treatment option for J.F. because J.F. was unable to protect or care for himself, had recently begun and dropped out of college, was unemployed, and living in his vehicle. On March 2, 2015, the District Court issued an order involuntarily committing J.F. to MSH for a period not to exceed three months. A notice of pending discharge, ending J.F.'s commitment, was filed with the District Court on April 8, 2015, and set a tentative discharge date of April 13, 2015.

¶5 J.F. raises two issues on appeal. The first issue is whether the District Court relied on sufficient evidence to support J.F.'s involuntary commitment. "If the court determines that the respondent is suffering from a mental disorder, the court shall then determine whether the respondent requires commitment" based on a determination of "whether the respondent, because of a mental disorder, is substantially unable to provide for the respondent's own basic needs of food, clothing, shelter, health, or safety." Section 53-21-126(1)(a), MCA. The standard of proof is beyond a reasonable doubt with respect to any physical facts or evidence and clear and convincing evidence as to all other matters and a Respondent's mental disorder must be proved to a reasonable medical certainty. Section 53-21-126(2), MCA.

¶6 Here, the District Court reviewed evidence that J.F. suffered from the mental disorder of schizophrenia and that, because of that disorder, he was not able to provide food, clothing, or shelter because he was unemployed and not welcome at his family's

homes; he was not able to provide for his own health because he refused medication and treatment and denied his symptoms; and he was not able to provide for his own safety because he was engaging in self-harm. We conclude that the District Court relied on sufficient evidence that supported J.F.'s involuntary commitment.

¶7 The second issue J.F. raises on appeal is whether the District Court's reliance on hearsay evidence constituted reversible plain error. J.F. argues the District Court admitted hearsay evidence from his family members, who were not present at his commitment hearing, when it allowed Dr. Schuett to testify as to what she had been told by his parents and sister. We generally refuse to review an issue on appeal that a party failed to object to at the trial court. *State v. Lenihan*, 184 Mont. 338, 341, 602 P.2d 997, 999 (1979). At the District Court, J.F. did not object to the admission of evidence introduced by Dr. Schuett. We will not fault a trial court for an error where that court has not been given the opportunity to rule on the admissibility of evidence or correct itself. *State v. Vukasin*, 2003 MT 230, ¶ 29, 317 Mont. 204, 75 P.3d 1284 (quotation and citations omitted).

¶8 We invoke the plain error doctrine sparingly to reverse an unpreserved claim of error only if the appealing party: 1) shows that the claimed error implicates a fundamental right and 2) firmly convinces this Court that a failure to reverse the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. *State v. Favel*, 2015 MT 336, ¶ 23, 381 Mont. 472, ___ P.3d ___ (quotation and citations omitted). J.F.'s argument is not preserved for appeal and we decline to invoke the plain

error doctrine to reverse because we are not firmly convinced that a failure to do so will result in a manifest miscarriage of justice, leave unsettled the question of fundamental fairness, or compromise the integrity of the judicial process.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no issues of first impression and does not establish new precedent or modify existing precedent.

¶10     Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE