FILED

06/20/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0495

DA 15-0495

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 152N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GARY LEE ENZLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. BDC 2011-101
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney, Melissa Broch,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  April 19, 2017

Decided:  June 20, 2017

Filed:

                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary Lee Enzler (Enzler) appeals from the denial of his post-sentencing motion to withdraw his guilty plea. We affirm.

¶3 Enzler pled guilty to four counts of felony sexual assault of a minor in 2011. The District Court conducted a colloquy during which Enzler clearly and affirmatively answered questions about the facts of the case and stated he understood the consequences of his plea. The District Court accepted Enzler's guilty plea and ordered a pre-sentence investigation. Dr. Bowman Smelko, psychologist, and Tracy Vaughn, LCPC, conducted separate psychological evaluations of Enzler prior to sentencing. Both Smelko and Vaughn determined Enzler was competent, rational, and understood what he was doing. At the sentencing hearing, the District Court deviated from the plea agreement. It gave Enzler the opportunity to withdraw his guilty plea. After consultation with counsel, Enzler stated he did not wish to withdraw his plea. The District Court sentenced Enzler to forty-five years in the Montana State Prison with twenty-nine years suspended.

¶4 In January 2014, Enzler filed a motion to withdraw his guilty plea, and counsel was appointed. Enzler asserted he pled guilty because his trial attorneys told him to do so and

2

that he was not in his "right mind." In August 2014, Enzler's counsel filed a request for psychological evaluation and moved to find Enzler unfit to proceed. The State did not object. The District Court found he was unfit to proceed and ordered him transported to the Montana State Hospital for observation and evaluation.

¶5     On May 4, 2015, the District Court conducted a hearing on the motion to withdraw his guilty plea. Enzler was present but did not testify. The District Court denied Enzler's motion, finding that while he was currently suffering significant mental health issues, the focus of the proceeding was Enzler's competency at the time of the change of plea hearing in 2011. Enzler appeals.

¶6     This Court reviews a district court's denial of a motion to withdraw a guilty plea de novo. *State v. Hendrickson*, 2014 MT 132, ¶ 12, 375 Mont. 136, 325 P.3d 694. Whether the plea was voluntarily entered is a mixed question of law and fact. *Hendrickson*, ¶ 12.

¶7     For the first time on appeal, Enzler argues that the District Court violated his right to due process by holding an evidentiary hearing on his motion to withdraw while he claimed to be unfit to proceed. As a general rule, this Court will not entertain new issues that were not raised in the district court. *State v. Peterson*, 2013 MT 329, ¶ 26, 372 Mont. 382, 314 P.3d 227. We decline to do so here. Plain error review is discretionary. *State v. Favel*, 2015 MT 336, ¶ 13, 381 Mont. 472, 362 P.3d 1126.

¶8     A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent. *State v. Usrey,* 2009 MT 227, ¶ 17, 351 Mont. 341, 212 P.3d 279. For a defendant's guilty plea to be voluntary, the defendant must be mentally competent and able to understand the plea. *Usrey*, ¶ 17. We will uphold a district court's findings of fact,

3

including if a plea was voluntary and intelligent, unless they are clearly erroneous. *Usrey*, ¶ 13. Findings of fact are clearly erroneous if they are unsupported by substantial evidence. *Usrey*, ¶ 13.

¶9 The District Court found that Enzler's 2011 guilty plea was made voluntarily and intelligently. He signed a written plea agreement and advised the court he "read every page" and absolutely understood it. Enzler actively participated in the colloquy, assuring the District Court he was fully aware of the direct consequences of his plea and able to understand the proceedings. He was represented by counsel and he answered yes to the court's question if he was happy with the services of his attorney. He told the court that no one had pressured him to enter a guilty plea. His attorneys indicated they believed Enzler had been properly advised of his rights. Further, the presentence psychological evaluations of Enzler both showed he was competent at the time of his guilty plea.

¶10 The findings that Enzler was competent to plead guilty in 2011 are determinative. They were supported by substantial evidence and we see no basis in fact or law to disturb the District Court's denial of Enzler's motion to withdraw his guilty plea.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MIKE McGRATH

4

We Concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT