FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0290

DA 16-0290

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 76N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SHAUN ALLEN DOWNS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 13-447
Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell,
Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

Joshua Racki, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: February 21, 2018

Decided: April 3, 2018

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Shaun Allen Downs (Downs) appeals from an order of the Eighth Judicial District Court, Cascade County, sentencing him to the Montana State Prison for forty years.  We affirm.

¶3      Downs pleaded guilty to one count of felony incest.  As part of the plea agreement, the State agreed that it would not make a sentencing recommendation, leaving Downs's sentence up to the District Court's judgment.  The plea agreement further stated, "While the [State] agrees to make no recommendation for a particular sentence, the [State] is free to advise the [District] Court of any mitigating or aggravating factors it considers relevant at the time of sentencing.  Witnesses, including but limited to the victim(s), the victims' family members, and the author of the PSI may testify at the sentencing hearing to assist the [District] Court in sentencing."

¶4      At Downs's sentencing hearing, the State called multiple witnesses, including the victim, the victim's father, and the victim's school counselor.  The State also called Officer Tim Hides who prepared the Pre-Sentence Investigation Report (PSI).  Officer Hides testified that his sentencing recommendation was fifty years to the Montana State Prison. He also testified that, in forming his recommendation, he considered all of the information

2

available to him regarding Downs's case. He reported that the average sentence for incest in Cascade County was 55.83 years with 18.08 years suspended. Downs called one witness on his behalf at the sentencing hearing, Dr. Michael Scolatti, who performed a psychosexual evaluation on Downs. Downs also offered letters submitted on his behalf into evidence.

¶5 After both parties finished presenting testimony and evidence, the State stated, "[W]e're going to leave the sentencing completely up to the Court." The State pointed out two main aggravating factors, one being the devastating nature of Downs's acts on the victim and the other being Downs's blaming of the victim. Downs then suggested that, based on statutes, case law, and the evidence presented at the sentencing hearing, he should receive a probationary sentence between ten and twenty years. The District Court ultimately sentenced Downs to commitment in the Montana State Prison for a term of forty years with credit for 148 days of time already served.

¶6 Downs argues on appeal that the State violated the plea agreement by soliciting, supporting, and defending Officer Hides's sentencing recommendation. Downs agrees that the State did not violate the agreement when it initially called Officer Hides to testify. Downs also agrees that the State did not violate the agreement when Officer Hides first made his recommendation of fifty years to the Montana State Prison. Downs argues, however, that the State violated the agreement in soliciting Hides's testimony supporting and defending the recommendation. Recognizing that he did not object to the State's questioning at the sentencing hearing, Downs asks this Court to exercise plain error review.

The State responds, arguing that we should affirm Downs's sentence because the plea agreement explicitly permitted the State's conduct at the sentencing hearing.

¶7 We generally do not address issues raised for the first time on appeal. *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694; § 46-20-104(2), MCA (stating that, generally, failure "to make a timely objection during trial constitutes a waiver of the objection"). However, we may review an unpreserved claim under the common law plain error doctrine when the claim invokes a criminal defendant's fundamental rights. *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79. We only review a claim for plain error "where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *Taylor*, ¶ 12 (citing *State v. Jackson*, 2009 MT 427, ¶ 42, 354 Mont. 63, 221 P.3d 1213).

¶8 We sparingly invoke plain error review on a discretionary, case-by-case basis. *State v. Favel*, 2015 MT 336, ¶¶ 13, 23, 381 Mont. 472, 362 P.3d 1126 (citing *State v. Reim*, 2014 MT 108, ¶ 29, 374 Mont. 487, 323 P.3d 880, and *State v. Daniels*, 2011 MT 278, ¶ 32, 362 Mont. 426, 265 P.3d 623). In order for this Court to find plain error, "the appealing party must: (1) show that the claimed error implicates a fundamental right and (2) firmly convince this Court that failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process." *Favel*, ¶ 23 (quoting *Daniels*, ¶ 32) (internal quotations omitted).

4

¶9 Downs has not demonstrated that the State's conduct at the sentencing hearing constituted plain error. Despite recognizing that his case presents a different factual scenario, he urges us to exercise plain error review as we did in *State v. Rardon*, 2002 MT 345, ¶¶ 16-17, 313 Mont. 321, 61 P.3d 132 (*Rardon II*). In *Rardon II*, we held that the State solicited testimony in a manner contrary to the plea agreement because the testimony was "clearly intended to undermine the plea agreement and to convince the sentencing court that a plea bargained sentence recommendation should not be accepted." *Rardon II*, ¶ 22 (emphasis omitted). That is not to say, however, that the State cannot solicit any incriminating testimony during the sentencing hearing, particularly when the plea agreement provided that the State could present the testimony at issue. *State v. Rardon*, 2005 MT 129, ¶ 17, 327 Mont. 228, 115 P.3d 182 (*Rardon III*).

¶10 In this case, the plea agreement provided that the State could call the author of Downs's PSI as a witness at the sentencing hearing for the explicit purpose of assisting the District Court in sentencing. Officer Hides testified as to his sentencing recommendation and then the State asked reasonable follow-up questions. Officer Hides's answers merely assisted the District Court in sentencing and Downs did not convince us that Hides's comments implicated Downs's fundamental rights. Downs's counsel even stated, at the end of the sentencing hearing, that the State had not made a sentencing recommendation. We find that failure to review Downs's claimed error would not result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. Accordingly, we decline to exercise plain error review and affirm the District Court's sentence.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶12 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ DIRK M. SANDEFUR
/S/ JIM RICE
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER