DA 19-0705

FILED

07/14/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0705

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 180N

CITY OF DARBY,

      Plaintiff and Appellee,

  v.

AUSTIN W. GRAUBERGER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-19-79
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Austin W. Grauberger, Self-represented, Corvallis, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Ben Eckstein, Assistant
Attorney General, Agency Legal Services Bureau, Helena, Montana

Submitted on Briefs:  June 17, 2020

Decided:  July 14, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant and Appellant Austin Grauberger (Grauberger) appeals from the Darby City Court Sentencing Order issued April 30, 2019, and the subsequent October 1, 2019 Order Dismissing Appeal and Remanding to City Court issued by the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶3     On May 19, 2018, Grauberger was cited for two misdemeanors—assault and driving a vehicle during a suspension period. He appeared at his arraignment on May 22, 2018. At that time, he signed a Notification and Acknowledgment of Rights form and a Conditions of Release form. He was provided copies of these documents along with the City Court's Trial Management Order for each of the charges. The Trial Management Order directed Grauberger to "personally appear for all proceedings on the case or forfeit his/her right to a jury trial." At the original Omnibus Hearing, the City Court consolidated Grauberger's offenses for trial. Thereafter, the City Court mailed to Grauberger a Notice of Jury Confirmation Hearing and Notice of Jury Trial and also mailed such to his counsel—each notice indicating Grauberger's personal appearance was required. Grauberger appeared at the Jury Confirmation hearing on August 14, 2018, with counsel

2

and advised the City Court no plea deal had been reached and he was ready to proceed to trial. The City Court then set a trial date. Thereafter, by way of multiple continuances—some requested by Grauberger and some by the prosecution—trial was ultimately reset for January 8, 2019, with the Jury Confirmation Hearing set for December 11, 2018. With each continuance the City Court again mailed the Notice of Jury Trial directly to Grauberger, as well as to his counsel, advising of the date of the jury confirmation hearing and the trial date and the requirement of Grauberger's personal appearance at all proceedings.

¶4    Grauberger failed to appear on December 11, 2018, for his Jury Confirmation Hearing. The City Court determined, despite Grauberger's non-appearance at this and other prior proceedings, he could potentially have a valid reason for his non-appearance. As such, the court vacated the jury trial and scheduled a bench trial for January 8, 2019. Notice of the bench trial was mailed directly to Grauberger as well as to his counsel on December 13, 2018. Thereafter, additional continuances were sought by the prosecution and granted. Again, notices of the trial date were mailed directly to Grauberger as well as to his counsel. Ultimately, trial was scheduled for March 20, 2019, with notice of such being again sent to Grauberger and separately to his counsel.[1]

---

[1] City Judge Burnsides even attempted to call Grauberger personally to advise of the trial date, but did not reach him.

¶5     On March 20, 2019, Grauberger failed to appear for his trial and was tried in absentia.  At the completion of the trial, the City Court issued a warrant for Grauberger's arrest.  Following several continuances, sentencing was held on April 30, 2019.[2] Grauberger was arrested March 25, 2019, on the outstanding warrant.  At the detention facility, he was given a Notice to Appear in City Court within 10 days of his release. Grauberger then appeared with his counsel at sentencing on April 30, 2019.  At that time, the City Court entered a verdict with respect to the bench trial of March 20, 2019, conducted a contempt of court proceeding with respect to Grauberger's failure to appear for the December 11, 2018 jury confirmation hearing and the March 20, 2019 bench trial, and imposed sentence on Grauberger with respect to all charges.  At that proceeding Grauberger admitted he received the mail at his address on record with the court but did not have time to review his mail even though he understood missing his trial could result in a conviction resulting in jail and a fine.  Based on his testimony, Grauberger was held in contempt of court for his failures to appear and was also sentenced to serve a total of 65 days in jail and pay fines totaling $900.

¶6     Grauberger now asserts his convictions should be reversed due to ineffective assistance of counsel (IAC).  He asserts his counsel rescheduled court dates without

---

[2] Again, notice was mailed to each Grauberger and his counsel as to the date of sentencing.  Each notice advised Grauberger of the requirement to personally appear.

notifying him and his attorney provided incorrect dates and times for various proceedings. These issues he raises for the first time on appeal.

¶7 Generally, we do not consider issues raised for the first time on appeal unless plain error review is appropriate.[3] *State v. Aker*s, 2017 MT 311, ¶ 10, 389 Mont. 531, 408 P.3d 142 (citing *State v. Favel*, 2015 MT 336, ¶ 13, 381 Mont. 472, 362 P.3d 1126). Grauberger has failed to carry his burden to establish the requisite threshold for finding plain error such that Grauberger has waived appeal with regard to his IAC claims against his trial counsel for alleged scheduling and notice deficiencies.

¶8 Grauberger also asserts his counsel was ineffective for failing to timely file an appeal brief.

¶9 Claims of IAC are mixed questions of law and fact that we review de novo. *State v. Jefferson*, 2003 MT 90, ¶ 42, 315 Mont. 146, 69 P.3d 641. When defendants raise IAC claims on direct appeal, prior to consideration of the two-pronged test for IAC set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), we first determine whether the claims are more appropriately addressed in a postconviction relief proceeding. *State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, 97 P.3d 1095. If we cannot answer from the record "the question 'why' counsel did or did not take the actions constituting the alleged

---

[3] We note the State argues this point in its Response Brief and then cites a non-cite opinion as authority on this point. Given the vast volume of citable cases which reference this point, we are compelled to point out the inappropriateness of citing a non-cite case. Non-cite cases should not be cited in appellate briefs.

ineffective assistance, the claims are better raised by a petition for post-conviction relief where the record can be more fully developed, unless 'no plausible justification' exists for the defense counsel's actions or omissions[.]" *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032 (quoting *Kougl*, ¶¶ 14-15) (internal citation omitted). "A record that is silent about the reasons for counsel's actions or omissions seldom provides sufficient evidence to rebut the 'strong presumption' that counsel's actions fell 'within the wide range of reasonable professional assistance.'" *State v. Cheetham,* 2016 MT 151, ¶ 35, 384 Mont. 1, 373 P.3d 45 (citations omitted).

¶10  Here, the record is entirely silent as to why counsel did not file an appeal brief and thus, not subject to direct appeal. Grauberger's claim his counsel was ineffective for failing to file an appeal brief must be raised through postconviction relief, if at all.

¶11  We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12  Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR