JUSTICE COTTER
delivered the Opinion of the Court.
¶1 William Lawrence appeals from his conviction for felony theft following a jury trial in the First Judicial District Court, Lewis and *87 Clark County. Lawrence raises allegations of prosecutorial misconduct, ineffective assistance of counsel, and an abuse of discretion by the District Court. We reverse and remand for a new trial.
ISSUE
¶2 Lawrence raises four issues on appeal. We restate the dispositive issue as follows:
Whether the prosecutor’s comments during closing arguments require reversal under the plain error doctrine?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On April 8, 2014, Lawrence and his brother, Steven Dubois, arrived at Wayne Miller Coins on Last Chance Gulch in Helena, Montana. Lawrence and Dubois entered the shop after being buzzed in through the back door. Lawrence was in possession of coins he wished to have appraised, something he had done previously at Miller Coins. After Wayne Miller, the owner of the shop, informed him that his coins were valueless, Lawrence perused the store while questioning a store employee, Emily Gleason, about some of the items. Meanwhile, Dubois made his way to the back door, apparently intent on leaving the store. While following his brother out of the shop, Lawrence stopped to admire artwork adorning the walls of the hallway. As Lawrence continued to look at the artwork, Dubois grabbed a shipping package containing roughly $10,500 in silver, one-ounce coins and exited the store. Lawrence then started toward the back door. Gleason saw Dubois take the package and hurried to the back of the store to confront Lawrence. After a brief exchange, Lawrence left and got in a car with Dubois, who drove away. Lawrence was apprehended the next day in possession of a backpack containing nearly half of the stolen silver coins.
¶4 Lawrence was charged with theft under § 45-6-301(l)(a), MCA. A two-day trial was held in the First Judicial District Court, Lewis and Clark County. During closing argument, the prosecutor told the jury, “The presumption of innocence that you came into this trial with no longer exists at this point.” Defense counsel did not object. Subsequently, the jury found Lawrence guilty of felony theft and he was sentenced to ten years in prison.
¶5 On appeal, Lawrence raises a myriad of arguments, alleging that the prosecutor committed plain error requiring reversal by stripping Lawrence of the presumption of innocence as well as misstating the law of the charged offense. Further, Lawrence argues that the District Court abused its discretion by not granting a mistrial after the State *88 violated an order in limine, and that defense counsel provided ineffective assistance by failing to object to prosecutorial misconduct, an erroneous jury instruction, and hearsay testimony by a witness for the State.
STANDARD OF REVIEW
¶6 In general, this Court does not address issues of “ ‘prosecutorial misconduct pertaining to a prosecutor’s statements not objected to at trial.’ ” State v. Aker, 2013 MT 253, ¶ 21, 371 Mont. 491, 310 P.3d 506 (quoting State v. Longfellow, 2008 MT 343, ¶ 24, 346 Mont. 286, 194 P.3d 694). However, we may exercise our discretion and review such issues under the plain error doctrine. Aker, ¶ 21 (citing State v. Lacey, 2012 MT 52, ¶ 14, 364 Mont. 291, 272 P.3d 1288); State v. Hayden, 2008 MT 274, ¶ 17, 345 Mont. 252, 190 P.3d 1091. The plain error doctrine is to be used sparingly, and only on a case-by-case basis. Hayden, ¶ 17. Once the doctrine is invoked, this Court’s review is grounded in our “inherent duty to interpret the constitution and to protect individual rights set forth in the constitution.” State v. Finley, 276 Mont. 126, 134, 915 P.2d 208, 213 (1996), overruled on other grounds State v. Gallagher, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817.
DISCUSSION
¶7 We do not reach the issues regarding the order in limine, the alleged hearsay, or the jury instruction, nor do we reach the question of whether defense counsel’s failure to object to the prosecutor’s statement constitutes ineffective assistance of counsel. Pertinent here, Lawrence argues the prosecutor’s statement regarding the presumption of innocence constitutes plain error requiring reversal and remand for a new trial.
¶8 Whether the prosecutor’s comments during closing arguments require reversal under the plain error doctrine?
¶9 The purpose of the plain error doctrine is to correct an error not objected to at trial that affects the “fairness, integrity, and public reputation of judicial proceedings.” Finley, 276 Mont. at 134, 915 P.2d at 213. The plain error doctrine may be used “ ‘in situations that implicate a defendant’s fundamental constitutional rights,’ ” and where “ ‘failing to review the alleged error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process.’’’ Aker, ¶ 21 (quoting State v. McDonald, 2013 MT 97, ¶ 8, 369 *89 Mont. 483, 299 P.3d 799). Therefore, we first determine whether the defendant’s fundamental constitutional rights have been implicated.
¶10 The underlying question here is a simple one: whether a prosecutor stating during closing argument that the presumption of innocence has been removed from the defendant implicates a defendant’s fundamental rights. We cannot overstate the importance of the foundational principle that is the presumption of innocence. It is a bedrock, axiomatic, and elementary tenet of our criminal justice system. State v. Williams, 184 Mont. 111, 112, 601 P.2d 1194, 1195 (1979). Further, enforcement of this principle, meaning its application to each and every criminal defendant, “lies at the foundation of the administration of our criminal law.” Coffin v. United States, 156 U.S. 432, 453, 15 S. Ct. 394, 403 (1895). Therefore, we determine that the comment by the prosecutor stating the presumption of innocence no longer applied to the defendant implicated the defendant’s fundamental rights. We next determine whether a failure to review this alleged error might result in a “ ‘manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process.’’’ Aker, ¶ 21 (quoting McDonald, ¶ 8).
¶11 This Court has, on numerous occasions, refused to invoke the plain error doctrine because the alleged error did not result in a miscarriage of justice, raise a question as to the fundamental fairness of the proceedings, or compromise the integrity of the judicial process. See, e.g., McDonald, ¶ 17 (concluding that the challenged comment in closing argument did not raise the specter of prosecutorial misconduct necessitating the exercise of plain error review to protect the fundamental fairness of the proceeding); State v. Thorp, 2010 MT 92, ¶¶ 25-30, 356 Mont. 150, 231 P.3d 1096 (determining that a cautionary instruction was sufficient under the circumstances to remedy any alleged infringement on the defendant’s constitutional right to a fair trial). However, we have also previously determined that prosecutorial misconduct may warrant relief under the plain error doctrine.[1]
*90 ¶12 This Court has not previously been faced with comments such as those at issue in this case. Due to the gravity of the presumption of innocence within our criminal justice system, we determine that the challenged comment, “[t]he presumption of innocence that you came into this trial with no longer exists at this point,” leaves unsettled the question of whether or not the proceedings were fundamentally fair and compromises the integrity of the judicial process. Therefore, as we find that the circumstances of the instant case warrant application of the plain error doctrine, we proceed to address the merits of the alleged error.
¶13 “Both the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee criminal defendants ‘the right to a fair trial by a jury.’ ” Aker, ¶ 24 (quoting Hayden, ¶ 27). Prosecutorial misconduct “may be grounds for reversing a conviction and granting a new trial if the conduct deprives the defendant of a fair and impartial trial.” Hayden, ¶ 27. It is well established that we “ ‘consider alleged improper statements during closing argument in the context of the entire argument.’ ” Aker, ¶ 24 (quoting State v. Makarchuk, 2009 MT 82, ¶ 24, 349 Mont. 507, 204 P.3d 1213). We “do not presume prejudice from the alleged prosecutorial misconduct; rather, the ‘defendant must show that the argument violated his substantial rights.’ ” Aker, ¶ 24 (quoting McDonald, ¶ 10).
¶14 Therefore, we must determine whether the challenged comment deprived the defendant of a fair and impartial trial. In making this determination, we consider the challenged comment in the context of the trial and the closing argument as a whole. Further, we consider whether the challenged comment violated the defendant’s substantial rights.
¶15 As stated above, there are few principles in our criminal justice system as fundamental as the presumption of innocence. The principle is so foundational that we have recognized “it cannot be evidence, nor can it be introduced in the case, for it is in the case from its inception.” State v. De Lea, 36 Mont. 531, 539, 93 P. 814, 817 (1908). The presumption of innocence is the “safeguard which the law casts around all persons accused of a crime, and the defendant cannot be reached by a verdict of guilty until this safeguard is entirely removed.” De Lea, 36 Mont. at 539, 93 P. at 817. Further, and most importantly in the *91 instant case, the presumption endures throughout the deliberations of the jury and may only be overcome “by evidence which satisfies the minds of the jurors beyond a reasonable doubt.” De Lea, 36 Mont. at 539, 93 P. at 817. The presumption remains attached to the defendant as he or she appears in the minds of the jurors after the jury has heard the entirety of the evidence and begun its deliberation. Indeed, it is improper to say that the presumption may be removed from a defendant at any time; rather, the presumption is overcome upon his or her conviction in a court of law.
¶16 In our criminal justice system, the presumption has been overcome when the State has presented evidence against a criminal defendant that satisfies a jury, beyond a reasonable doubt, that the defendant is guilty of the crime charged. De Lea, 36 Mont. at 540, 93 P. at 817-18. To that end, we instruct the jurors that they are to refrain from making their decision as to the guilt or innocence of a defendant until they have considered whether the State has overcome the presumption of innocence beyond a reasonable doubt. The prosecutor’s statement made prior to deliberation of the jury that the presumption of innocence no longer attached violated this bedrock principle of law.
¶17 It is reasonable and required that both the State and defense counsel jealously guard this principle throughout the entirety of a criminal trial. It is clear from the record that defense counsel failed to object to the challenged statement, yet that does not relieve a prosecutor of his or her duty. The United States Supreme Court has stated that “it is as much [the Prosecutor’s] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.” Berger v. United States, 295 U.S. 78, 88, 55 S. Ct. 629, 633 (1935). We agree. By stating that the presumption of innocence no longer applied to the defendant, the prosecutor improperly abdicated this duty and deprived the defendant of his fundamental right to a fair and impartial trial by jury as guaranteed by Article II, Section 24, of the Montana Constitution, and the Sixth Amendment to the United States Constitution.
¶18 Here, it was Dubois, not Lawrence, who physically removed the coins from the store. Lawrence testified on his own behalf, telling the jurors that he did not want to keep the coins his brother had given him and intended to give them back to the coin shop, hopefully without exposing himself to prosecution. However, he was arrested before he could do so. While the jury was free to disbelieve this testimony, the fact remains that under these circumstances, the presumption of innocence was critical to Lawrence’s defense. When the prosecutor told *92 the jury the presumption of innocence no longer existed and his lawyer raised no objection or argument in opposition to that assertion, the jury could well have concluded that the prosecutor was correct.
¶19 Viewing the challenged comment in the context of the surrounding statement provides support for our conclusion that the prosecutor engaged in misconduct requiring relief. In full, the prosecutor stated, “The presumption of innocence that you came into this trial with no longer exists at this point. The instruction doesn’t say that you have to believe what the defendant told you. You can use your common sense in determining what happened in this case.” We infer that the instruction to which the prosecutor refers is Instruction No. 4 which states, in relevant part:
The Defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the Defendant is guilty. The Defendant is not required to prove his innocence or present any evidence.
This preliminary instruction was given by the district court at the commencement of the trial, but was not read again at the conclusion of the evidence.
¶20 The prosecutor is the representative of the State at trial and must be held to a standard commensurate with his or her position. Noting this, the United States Supreme Court has rightly observed that a prosecutor’s improper suggestions and assertions to a jury “are apt to carry much weight against the accused when they should properly carry none.” Berger, 295 U.S. at 88, 55 S. Ct. at 633. We conclude that these statements could cause a reasonable juror to question the language of the preliminary jury instruction and, therefore, have the potential effect of removing the presumption of innocence from the defendant.
¶21 Our conclusion here finds support in a Tenth Circuit case in which a similar representation was made by a prosecutor during closing arguments to a jury. In Mahorney v. Wallman, 917 F.2d 469 (10th Cir. 1990), the Court of Appeals held that a prosecutor’s argument that the presumption of innocence had been removed from the defendant violated the defendant’s constitutional rights and constituted reversible error. Mahorney, 917 F.2d at 473-74. We conclude that the same result must be reached here.
¶22 It is our “inherent to duty ... to protect individual rights set forth in the constitution.” Finley, 276 Mont. at 134, 915 P.2d at 213. We *93 therefore decline to accept the State’s contention and the Dissent’s assertion that the prosecutor’s statements were appropriate comments on the evidence undeserving of plain error review. Dissent, ¶ 37. Rather, we conclude that the challenged comments made by the prosecutor constitute prosecutorial misconduct from which the defendant is entitled to relief.
CONCLUSION
¶23 We determine that the prosecutor’s comments require reversal of Lawrence’s conviction. Because we grant relief based on prosecutorial misconduct during closing arguments, we do not reach the merits of the additional issues raised by Lawrence on appeal. We reverse and remand for a new trial.
JUSTICES WHEAT, McKINNON and SHEA concur.

 In State v. Hayden, we reversed and remanded for a new trial based on the prosecutor’s comments. Hayden, ¶¶ 30-33. In Hayden, the prosecutor’s challenged statements included, in part, offering his own opinion as to witness testimony during closing argument, stating that the jury could rely on the detective’s testimony, and improperly testifying to the efficacy ofthe search during closing argument. Hayden, ¶ 32. In summary, we determined that the prosecutor’s comments unfairly added “the probative force of his own personal, professional, and official influence to the testimony ofthe witnesses,” and that the prosecutor’s conduct invaded the role ofthe jury. Hayden, *90 ¶ 33. In light of these two concerns, we determined that the record left “unsettled the question of the fundamental fairness of the proceedings.” Hayden, ¶ 33.