FILED

12/12/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0209

DA 16-0209

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 308N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MYA ROSE WOLF BLACK,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2015-171
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Michael S. Wellenstein,
Assistant Attorney General, Helena, Montana

Kirsten Pabst, Missoula County Attorney, Mac Bloom, Deputy County
Attorney, Missoula, Montana

Submitted on Briefs:  October 25, 2017

Decided:  December 12, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant and Appellant Mya Rose Wolf Black ("Wolf Black") appeals her jury conviction of assault with a weapon in violation of § 45-2-213, MCA, in the Fourth Judicial District Court, Missoula County. We address whether this Court should review Wolf Black's unpreserved claims of prosecutorial misconduct under the plain error doctrine. We decline to conduct plain error review, and we affirm.

¶3 On April 6, 2015, the State of Montana charged Wolf Black for assaulting Carrie Williams ("Williams") by striking her repeatedly with a rock. Williams was living out of her camper with her ten-year-old son when she awoke in the night to someone yelling and a rock being thrown through her camper window. Williams stated that a voice yelled "Get out here," identified herself as "Mya," and threated to drag Williams out of the camper if she did not comply. Williams testified that she exited the camper, and then Wolf Black attacked her and beat her with a rock on the head and leg. The attack caused Williams to suffer injuries that included a gash to the back of her head that required staples, a blow to her face, black eye, tremor in her eye, and cuts and bruising on her leg and elbow. The State identified the rock that it alleged Wolf Black used to assault Williams, but when the rock was tested, no traces of blood were found on it.

¶4 Although the State did not present evidence explaining the absence of blood on the rock, the State presented other evidence, including the testimony of Williams's son and another eyewitness who saw Wolf Black attack Williams. The State also called Williams's ex-boyfriend, Ron Fabianski ("Fabianski"), as a witness. Fabianski has three convictions for Partner or Family Member Assault (PFMA) against Williams. As part of a plea agreement involving the third PFMA charge, Fabianski provided the State with information and testimony regarding conversations with Wolf Black in which Wolf Black admitted to smashing a camper window and beating someone. The State agreed to recommend a two-year deferred sentence in Fabianski's case.

¶5 During closing arguments, the prosecutor made several comments about the weapon utilized in the assault and about the State's sentencing recommendation for Fabianski's third PFMA charge. No objections were made. On December 4, 2015, Wolf Black was convicted, and, on February 2, 2016, the District Court sentenced her as a persistent felony offender (PFO) to fifteen years in prison with five years suspended. Wolf Black appeals the conviction.

¶6 When a defendant raises the plain error doctrine to request our review of issues that the defendant did not raise before the district court, our review is discretionary, *State v. Stutzman*, 2017 MT 169, ¶ 13, 388 Mont. 133, 398 P.3d 265 (internal citations omitted), and such review is "applied sparingly on a case-by-case basis," *State v. Walton*, 2014 MT 41, ¶ 10, 374 Mont. 38, 318 P.3d 1024; *State v. Favel*, 2015 MT 336, ¶ 23, 381 Mont. 472, 362 P.3d 1126.

¶7 Wolf Black argues the prosecutor committed multiple errors during closing argument, including repeatedly making statements on matters outside the record. Wolf Black argues that the errors rose to the level of prosecutorial misconduct, violated Wolf Black's due process and confrontation rights, and are therefore reviewable by this Court under the plain error doctrine. *See State v. Hayden*, 2008 MT 274, ¶ 27, 345 Mont. 255, 190 P.3d 1091; *see also State v. Chafee*, 2014 MT 226, ¶ 27, 376 Mont. 267, 332 P.3d 240 (determining prosecutors cannot refer to matters outside of the record, misrepresent the law to the jury, or tell the jury to base its decision on factors other than the law, evidence admitted at trial, and instructions by the court). Wolf Black points to three specific instances during closing arguments that warrant plain error review and merit reversal: (1) after speaking with the lead detective, the prosecutor stated that he realized "a rock is a weapon of opportunity"; (2) that "it takes a minute for your blood to pool up . . . . [a] quick strike is not going to get blood from the scalp through the hair onto the rock. . . ."; and, (3) in regard to the State's sentencing recommendation for Fabianski's third PFMA charge, "there are plenty of reasons why you can't go forward with a stern prosecution. Lack of evidence, uncooperative witnesses, plenty." The State counters that Wolf Black is not entitled to plain error review because she has not argued that failing to review the prosecutor's alleged improper closing argument will result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of trial, or compromise the integrity of the judicial process. *See Stutzman*, ¶ 23. Additionally, the State contends that neither were the comments substantial errors that caused a fundamentally unfair trial, nor were the comments outside of the scope afforded to prosecutors during trial. *See State v.*

4

*Green*, 2009 MT 114, ¶ 33, 350 Mont. 141, 205, P.3d 798 (internal citations omitted); *see also State v. Bashor*, 188 Mont. 397, 417, 614 P.2d 470, 481 (1980).

¶8      "Absent a timely objection, we will not review the prosecutor's actions on appeal unless they implicate a defendant's fundamental constitutional rights," *State v. Lehrkamp*, 2017 MT 203, ¶ 15, 388 Mont. 295, 400 P.3d 697; *Favel*, ¶ 13, and failure to reverse the actions "may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process," *State v. Aker*, 2013 MT 253, ¶¶ 21, 25, 371 Mont. 491, 310 P.3d 506 (internal citations omitted); *Stutzman*, ¶ 23.  While this Court may employ plain error review to reverse prosecutorial misconduct, the burden remains on the appealing party to convince this Court such review is necessary.  *State v. McDonald*, 2013 MT 97, ¶¶ 10, 17, 369 Mont. 483, 299 P.3d 799; *Aker*, ¶ 24.  Further, this Court has refused on numerous occasions to conduct plain error review of a prosecutor's comments "even in cases where we have concluded that the comments were improper." *Aker*, ¶ 29.  Finally, if we determine that application of the plain error doctrine is unwarranted, we "need not address the merits of the alleged error." *Stutzman*, ¶ 23; *see also State v. Lawrence*, 2016 MT 346, ¶¶ 11–12, 386 Mont. 86, 385 P.3d 968.

¶9      While it is improper for prosecutors to offer personal opinions as to a defendant's or witness's credibility, or the guilt or innocence of the accused, *State v. Stringer*, 271 Mont. 367, 380–81, 897 P.3d 1063, 1071–72 (1995), prosecutors may comment on a myriad of issues including the gravity of the crime charged, the volume of evidence, credibility of witnesses, conflicts and contradictions in testimony, and any reasonable

inferences that may be drawn from the evidence presented, *Green*, ¶ 33; *Bashor*, 188 Mont. at 417, 614 P.2d at 481.

¶10 In this case, Wolf Black has not shown that she is entitled to plain error review merely by arguing unobjected-to comments may have been improper and a violation of her due process rights. *See Stutzman*, ¶ 23; *Lehrkamp*, ¶ 15. Wolf Black has failed to firmly convince this Court that any of the prosecutor's statements, individually or in combination, resulted in a manifest miscarriage of justice, left unsettled the question of the fundamental fairness of the trial or proceedings, or may have compromised the integrity of the judicial process. *See Stutzman*, ¶ 23; *McDonald*, ¶¶ 10, 17.

¶11 Having reviewed the briefs and record on appeal, we conclude that the Wolf Black has not met her burden of persuasion. *See McDonald*, ¶¶ 10, 17. This Court will not exercise plain error review of Wolf Black's claims, and we decline to address the merits of her prosecutorial misconduct argument. *See Stutzman*, ¶ 23.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE