FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0474

DA 18-0474

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 286N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ANDREW LEWIS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC-2015-47
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Kristina L. Neal, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Michael P. Dougherty, Assistant Attorney General, Helena, Montana

          Steven C. Haddon, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs:  October 14, 2020

Decided:  November 10, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Andrew Lewis appeals from the June 11, 2018 order of the Fifth Judicial District Court, Jefferson County, following his convictions of solicitation of incest and four counts of incest. Lewis raises two issues on appeal: (1) whether the District Court committed plain error by failing to sua sponte remove a prospective juror; and (2) whether Lewis received ineffective assistance of counsel. We affirm.

¶3 The State charged Lewis with one count of solicitation of incest in violation of § 45-5-501(1), MCA, and four counts of incest in violation of § 45-5-507, MCA. Lewis was accused of engaging in sexual contact with his adopted daughter, C.L. in 2015. Lewis was tried by jury on March 6 through 8, 2018.

¶4 During voir dire, the prosecution asked the jury pool a series of questions regarding their ability serve as impartial jurors. Among the questions asked, were the following:

> [Is there] anyone here that has ever been, number one, a victim of childhood sexual assault or incest? Number two, has a family member that's been a victim of child sexual assault? Number three, been accused of sexual assault or four, had a family member accused of child sexual assault or incest?

The District Court informed the panel that anyone who wished to discuss these issues privately could do so. Seven prospective jurors were questioned privately in chambers. Three prospective jurors were excused without objection.

2

¶5     Juror G.M. was among the seven questioned in chambers.  G.M. told the parties that his nephew had been accused and convicted of sexually assaulting a minor.  When G.M. was asked if he could be impartial, he responded, "I think I'd be pretty hard to be impartial." When the prosecutor asked G.M. if he had a strong feeling that he could not weigh the evidence, G.M. responded he has not had contact with his nephew in 17 years.

¶6     Defense counsel then inquired:

[DEFENSE COUNSEL]: And you haven't had any contact with him for 17 years; right?

[G.M.]: That's correct.

[DEFENSE COUNSEL]: But that experience would in your opinion, cloud your thinking; is that correct?

[G.M.]: Yes.

[DEFENSE COUNSEL]: Okay.

[G.M.]: What he was accused of and what he'd done wasn't right.  That shouldn't be right no matter what.

[DEFENSE COUNSEL]: I have no further questions, Your Honor.

THE COURT: Okay. So, [G.M.], we're going to leave you on right now; and if that changes, we'll let you know.  And we'll go from there, and I appreciate your honest answers.

¶7     The jury panel returned after in-chambers voir dire and questioning of the group continued.  Defense counsel acknowledged everyone has certain biases and prejudices and then asked, "Is there anyone out there . . . who, if somehow traded places right now with Lewis…would have a problem with sitting in that jury box?"  G.M. did not respond to this

question. Neither party moved to excuse G.M. for cause. Lewis's counsel exercised three of his six peremptory challenges and did not use a peremptory challenge to remove G.M.

¶8 Lewis requests that we exercise plain error review of his claim, raised for the first time on appeal, that he was denied his constitutional right to have his case heard by an impartial jury. The gravamen of his claim is that the District Court erred by failing to sua sponte dismiss G.M. after Lewis's defense counsel did not move to have him excused for cause.

¶9 The plain error doctrine is used sparingly, and only on a case by case basis. *State v. Lawrence*, 2016 MT 346, ¶ 6, 386 Mont. 86, 385 P.3d 968. The facts of this case are that, after voir dire, Lewis's counsel elected not to challenge G.M. for cause and then elected not to exercise a peremptory challenge to remove G.M. even though he only exercised three of his six peremptory challenges. We can only speculate as to Lewis's counsel's motive or strategy for leaving G.M. on the jury; likewise, so could the District Court. In light of this record, we cannot hold that the District Court committed plain error by declining to speculate as to Lewis's counsel's strategy and sua sponte striking a juror Lewis's counsel obviously wanted to remain on the jury.

¶10 For the same reason, we conclude that Lewis's ineffective assistance of counsel claim is not susceptible to review on direct appeal. Lewis argues his defense counsel was ineffective because he failed to adequately question G.M., then waived three of his peremptory challenges, while allowing G.M. to serve on the jury.

¶11 This Court reviews a claim of ineffective assistance of counsel, which involves mixed questions of law and fact, under a de novo standard of review. *State v. Ward*,

4

2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955. This Court reviews ineffective assistance of counsel claims on direct appeal if the claims are based solely on the record. *Ward*, ¶ 15.

¶12 Non-record-based claims of ineffective assistance of counsel are reviewable only in a petition for post-conviction relief. *State v. Lindberg*, 2008 MT 389, ¶ 40, 347 Mont. 76, 196 P.3d 1252. If counsel fails to fully explain why counsel took a particular action, then the matter is best suited for post-conviction proceedings to further inquire into whether counsel's representation was ineffective. *Lindberg*, ¶ 40. This Court will review ineffective assistance of counsel claims under a standard of objective, as opposed to subjective, reasonableness. *Lindberg*, ¶ 44. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal. *Lindberg*, ¶ 40.

¶13 For reasons not apparent in the record, Lewis's counsel opted to leave G.M. on the jury, even though he clearly could have removed him with a peremptory challenge. Because Lewis's counsel's reasoning is not apparent from the record, his ineffective assistance of counsel claim is not susceptible to review on direct appeal.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ JAMES JEREMIAH SHEA

5

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE