IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0028
OP 22-0038

WILLIAM JAMES LAWRENCE,

Petitioner,

v.

CAPTAIN BRADLEY BRAGG,

Respondent.

ORDER

WILLIAM JAMES LAWRENCE,

Petitioner,

v.

CAPTAIN BRADLEY BRAGG,

Respondent.

The above-captioned proceedings arise from the same criminal proceeding in the Lewis and Clark County District Court. We have determined to consolidate the two petitions.

Representing himself, William James Lawrence has filed two petitions for a writ of habeas corpus. He first asserts he is entitled to good time credit against his sentence. He states that "the good time since 2014 April 14 till January 13th 2022 hasn't been added correctly." Secondly, Lawrence indicates that he is being held in jail and that his bail is excessive. He states that he is unable to afford bond and that his detention while COVID-19 persists is cruel and unusual punishment. Lawrence is currently detained in the Lewis and Clark County Detention Center.

Lawrence's criminal case, Cause No. ADC-2014-147, was initiated in 2014 in the District Court. In March 2015, a jury found Lawrence guilty of felony theft, and he received a ten-year sentence as a persistent felony offender (PFO) to the Montana State Prison (MSP). The court awarded credit for time served from April 9, 2014 to February 1, 2015. This matter was the subject of an appeal in 2016. *State v. Lawrence*, 2016 MT 346, 386 Mont. 86, 385 P.3d 968. We reversed and remanded because of the prosecutor's comments during closing arguments. *Lawrence*, ¶ 23. In 2017, the District Court accepted Lawrence's guilty plea to felony theft in exchange for the State's withdrawal of the PFO notice. The court sentenced Lawrence to MSP for a ten-year, suspended sentence and awarded 940 days of credit for time served. However, in May of 2021, the State filed a motion to revoke Lawrence's probation. The District Court revoked Lawrence's suspended sentence and sentenced him to incarceration.

Lawrence has not carried his burden or presented a record sufficient to make a prima facie showing that his incarceration is illegal. Section 46-22-101(1), MCA. Lawrence does not include supporting documents or facts for his claims. Lawrence provides no sentence calculations or explanation why he is due this credit. He has not clearly articulated any argument about credit for time served. He has not put forth a credible argument for want of bail. As a Petitioner, Lawrence carries this "burden of proof or the burden of persuasion." *In Re Hart*, 178 Mont. 235, 249, 583 P.2d 411, 419 (1978). A Petitioner "has the burden of presenting to this Court a record that is sufficient to make a prima facie showing . . . ." *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Further, habeas corpus is not ordinarily available to determine whether other constitutional rights, such as conditions of confinement, have been violated. *Gates v. Missoula Cnty. Comm'rs.*, 235 Mont. 261, 261-62, 766 P.2d 884, 884-85 (1988).

Accordingly,

IT IS ORDERED that Lawrence's Petitions for a Writ of Habeas Corpus are DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record, to Captain Bragg, and to William James Lawrence personally.

DATED this 8 day of February, 2022.

_____

_____

_____

_____

_____
Justices

3